**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ASIF MUHAMMED; FARHANA ASIF, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 18-73465 <br><br> Agency Nos.    A079-628-793 <br> A079-628-794 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2023[**]
Pasadena, California

Before: D.M. FISHER,[***] BYBEE, and DESAI, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

Petitioners Asif Muhammed and Farhana Asif seek review of a Board of Immigration Appeals (BIA) order denying their second motion to reopen proceedings, a motion to reconsider and terminate proceedings, and a motion to stay removal.

The sole issue presented by the petition is whether a Notice to Appear (NTA) that lacks the address of the Immigration Court (IC) in which the NTA is to be filed deprives the IC of jurisdiction over removal proceedings. An en banc panel of this Court recently held that "defects in an NTA likewise have no bearing on an immigration court's adjudicatory authority." *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1193 (9th Cir. 2022) (en banc), *cert. denied*, 143 S. Ct. 755 (2023). The Court's reasoning as to an NTA lacking the time and date of proceedings is equally applicable to an NTA initially omitting the address of the IC in which the NTA is to be filed. After all, "Section 1003.14(a) is a claim-processing rule not implicating the [immigration] court's adjudicatory authority, and [this Court] read[s] its reference to 'jurisdiction' in a purely colloquial sense." *Id.* at 1191.

**PETITION DENIED.**